UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **EVERGREEN FLYING SERVICES, INC., ET AL.** | * | **CIVIL ACTION NO. 15-2574** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE TOWN OF RAYVILLE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

Before the court is a motion to stay discovery, or alternatively, request for status conference [doc. # 20] filed by defendants, the Town of Rayville, Mayor Harry Lewis, and James Smith. By this motion, defendants seek an order staying discovery until the court resolves their pending motion to dismiss [doc. # 7]. Plaintiffs oppose the motion to stay, but not the request for a status conference. [doc. #s 21 & 22].

## Law

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that,

[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

Fed.R.Civ.P. 26(c).

Furthermore, courts enjoy the discretionary authority to stay proceedings "in the interest of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The court's discretion is not limitless, however. *Id*. In deciding whether to grant a

stay, the courts "must weigh competing interests and maintain an even balance." *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66 (1936)). Therefore, the court's decision to grant a stay should contemplate the following factors, "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (citations omitted).

## Discussion

On November 23, 2015, defendants filed a Rule 12(b) motion urging dismissal of plaintiffs' claims on various state law procedural grounds, prescription, and insufficiency of allegations. In due course, the undersigned issued a report recommending dismissal of plaintiffs' federal law claims for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), plus remand of plaintiffs' remaining state law claims, 28 U.S.C. § 1367(c)(3). (Feb. 16, 2016, Report and Recommendation ("R&R") [doc. # 23]). Plaintiffs are in agreement with the R&R; defendants object to remand of the remaining state law claims in the wake of a newly identified federal issue purportedly implicated by plaintiffs' original petition. *See* doc. # s 24 & 27. The motion to dismiss remains pending before the district court.

Defendants filed the instant motion to stay discovery, or alternatively request for status conference on February 2, 2016.[1] Defendants desire to stay discovery because the anticipated dismissal of various federal law claims (and possibly parties) will narrow the scope of discovery. Plaintiffs wish to proceed with discovery so they can uncover potentially improper and

---

[1] Defendants recently re-urged their motion following plaintiffs' more purposeful efforts to proceed with discovery. [doc. #s 29-30].

actionable motives behind defendants' actions/inaction. (Pl. Opp. Memo. [doc. # 22]). Plaintiffs also have requested production of documents potentially rendered irrelevant by the court's R&R. *See* Pl. 1st Disc. Reqs. [doc. # 29].

The undersigned finds that a discovery stay is warranted until such time as the district court resolves defendants' motion to dismiss. A decision may issue at any time now. Moreover, the scope of discovery could be significantly narrowed if the motion is adopted, as recommended. Upon remand the state court will have the opportunity to consider the merits of defendants' procedural arguments. Also, a stay will not cause plaintiffs to suffer material prejudice. Clearly, if time were of the essence plaintiffs would not have waited more than two years before filing the instant suit to compel defendants to process their lease applications(s). In short, plaintiffs are "not entitled to discovery, cabined or otherwise," where, as recommended here, their complaint proves deficient under Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1954 (2009). For these reasons,

IT IS ORDERED that defendants' motion to stay discovery [doc. # 20], until such time as the district court resolves their motion to dismiss, is hereby GRANTED. Fed.R.Civ.P. 26(c).[2]

IT IS FURTHER ORDERED that defendants' alternative request for a status conference [doc. # 20] is DENIED, as moot.

In Chambers, at Monroe, Louisiana, this 26th day of April 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).