UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EVERGREEN FLYING SERVICES, INC., ET AL.** | * | **CIVIL ACTION NO. 15-2574** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **THE TOWN OF RAYVILLE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a motion to dismiss [Doc. No 7] filed by Defendants The Town of Rayville ("Town"), Harry Lewis, and James Smith. Defendants move to dismiss all claims filed by Plaintiff Evergreen Flying Services, Inc. ("Evergreen"), Brandon Mulhearn, and Young Aircraft Repair, LLC.

On February 16, 2016, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 23] in which she recommends that the Court grant the motion in part and deny the motion in part. She recommends that the Court grant the motion to the extent that Defendants sought dismissal of all federal claims. She further recommends that the Court deny the motion to the extent that Defendants sought dismissal of all state law claims. Instead, she recommends that the Court decline to exercise supplemental jurisdiction and remand those claims to the Fifth Judicial District Court, Parish of Richland, State of Louisiana.

In response, Defendants filed a memorandum [Doc. No. 27] with the Court. Although they agreed with Magistrate Judge Hayes' recommendation that the federal claims should be dismissed, they contend that the Court should exercise supplemental jurisdiction over the remaining state law

claims because a federal "issue" remains. Almost one year ago, the parties submitted a stipulated judgment to the state court which was signed by Judge Rudy McIntyre on June 10, 2015. The stipulated judgment provides in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that a preliminary injunction issue herein allowing Start Water System, Inc. to replace the water meter and continue providing water and sewage services to Evergreen Flying Services, Inc.'s facilities and preventing the Town of Rayville and/or its employees from disrupting or interfering with the water and sewage meters or services at the premises with costs assessed to the Town of Rayville.

[Doc. No. 1-2].

However, Defendants now contend that the stipulated judgment is void because the Town's stipulation was in violation of 7 U.S.C. § 1926. That statute provides that the United States through the United States Department of Agriculture ("USDA") can "make or insure loans to associations, including . . . public . . . agencies to provide for . . . the . . . use . . . of water, and the installation or improvement of drainage or waste disposal facilities . . . all primarily serving farmers, ranchers, farm tenants, farm laborers, rural businesses, and other rural residents, and to furnish financial assistance or other aid in planning projects for such purposes." 7 U.S.C. § 1926(a)(1). As the Town allegedly received funds under this statute beginning in 2006, it contends that it is covered by this provision. Subsection (b) provides further:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or **by the granting of any private franchise for similar service within such area during the term of such loan**; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b) (emphasis added). Pursuant to the emphasized language, the Town contends that it could not enter into the stipulation because it would have interfered with its provision of services.

2

Plaintiffs respond that Start, not Rayville, is the type of entity covered by this Act and that if any entity had an issue, it would be Start. Regardless, Plaintiffs point out that the hangar is not located within the town limits.

First, the Court agrees with and ADOPTS Magistrate Judge Hayes' analysis and conclusions with regard to Plaintiffs' federal claims, the motion to dismiss those claims is GRANTED, and they will be DISMISSED WITH PREJUDICE.

The Court now considers whether it should adopt Magistrate Judge Hayes' recommendation that it decline to exercise supplemental jurisdiction over the state law claims in light of this additional issue not presented to her.

Title 28, United States Code, Section 1367 authorizes a court to decline supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). As a general rule, a district court should decline to exercise jurisdiction over remaining state law claims when all federal law claims have been disposed of prior to trial. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted). This rule is not mandatory, but based on a review of the factors and circumstances of each case. *Id.*

In this case, the Court agrees with Magistrate Judge Hayes and ADOPTS her analysis and conclusion that the Court should decline to exercise supplemental jurisdiction. The remaining claims are more appropriately resolved by the state court where they were filed. The case has been pending in this Court for about seven months, and no discovery has been conducted. Defendants raise this alleged issue of federal law, but do not assert a claim under 7 U.S.C. § 1926. Further, the challenge

is not just to their ability to enter into a stipulation, but to the validity of a stipulated judgment signed by a judge in state court and by which the parties have apparently abided for the past year. Under these facts, in the interest of judicial economy, fairness, and comity, this matter should be remanded, so that the state court can consider the validity of its judgment.

Accordingly, for the foregoing reasons, the Court will grant in part and deny in part Defendants' motion to dismiss, dismissing Plaintiffs' federal law claims and remanding the state law claims to the Fifth Judicial District Court for further proceedings.

MONROE, LOUISIANA, this 19th day of May, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE