UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| EVERGREEN FLYING SERVICES, INC., ET AL. | * | CIVIL ACTION NO. 15-2574 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| THE TOWN OF RAYVILLE, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

On May 19, 2016, after consideration of the entire record in this matter, the Court issued a Ruling [Doc. No. 35] adopting the Report and Recommendation of Magistrate Judge Karen L. Hayes [Doc. No. 23] and granting in part and denying in part the motion to dismiss [Doc. No 7] filed by Defendants The Town of Rayville ("Town"), Harry Lewis, and James Smith. The Court granted the motion to the extent that Defendants sought dismissal of Plaintiffs Evergreen Flying Services, Inc., Brandon Mulhearn, and Youngs Aircraft Repair, LLC's federal claims. The Court denied the motion to the extent that Defendants sought dismissal of all state law claims. Instead, the Court declined to exercise supplemental jurisdiction over those claims and found that they should be remanded to the Fifth Judicial District Court, Parish of Richland, State of Louisiana.

However, prior to the filing of the accompanying judgment, the Court was notified of the filing of Plaintiffs' Motion for Sanctions [Doc. No. 33]. Plaintiffs contend that Defendants should be sanctioned for making an objection to Magistrate Judge Hayes' Report and Recommendation "that is frivolous both factually and legally."

Given the issuance of the Court's Ruling and its intent to remand the case to state court, counsel for Plaintiffs was contacted by Chambers staff to determine if Plaintiffs wished to pursue the Motion for Sanctions. Plaintiffs' counsel indicated that they did wish to pursue the motion.

The Court has now reviewed the record, including its Ruling on the motion to dismiss, and hereby declines to consider the Motion for Sanctions. As part of its Ruling, the Court specifically considered Defendants' argument that the Court should exercise supplemental jurisdiction over the state law claims because a federal issue remained pursuant to 7 U.S.C. § 1926. The Town relied on that statute to support its argument that it lacked authority to enter into a stipulation with Plaintiffs regarding the provision of water and sewage services.

After a full review, the Court declined to exercise supplemental jurisdiction for the following reasons:

> [T]he remaining claims are more appropriately resolved by the state court where they were filed. The case has been pending in this Court for about seven months, and no discovery has been conducted. Defendants raise this alleged issue of federal law, but do not assert a claim under 7 U.S.C. § 1926. Further, the challenge is not just to their ability to enter into a stipulation, **but to the validity of a stipulated judgment signed by a judge in state court** and by which the parties have apparently abided for the past year. Under these facts, in the interest of judicial economy, fairness, and comity, this matter should be remanded, so that the state court can consider the validity of its judgment.

[Doc. No. 35, pp. 3-4 (emphasis added)]. Those same concerns compel the Court to decline to consider and thus deny the pending Motion for Sanctions. The Court would necessarily become entrenched in the factual provisions of the water and sewage services, the stipulation, and would be considering the validity of the state court judgment. Accordingly,

IT IS ORDERED that the Motion for Sanctions is DENIED. The Court's Judgment, consistent with its May 19, 2016 Ruling, shall issue remanding this matter to the Fifth Judicial

District Court, Parish of Richland, State of Louisiana.

MONROE, LOUISIANA, this 24th day of May, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE